# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA,

## CHARLESTON DIVISION

TANIA CORDWELL,

        Plaintiff,

v.

C.O. JAMES WIDEN, individually
and in his official capacity as a correctional
officer of The West Virginia Division of
Corrections, and THE WEST VIRGINIA
DIVISION OF CORRECTIONS, and JOHN
DOE, unknown person or persons,

        Defendants.

CIVIL ACTION NO. 2:18-cv-00913

Consolidated With:
CIVIL ACTION NO. 2:18-cv-00915
CIVIL ACTION NO. 2:18-cv-00927

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant West Virginia Division of Corrections' (the

"WVDOC")[1], (ECF Nos. 66, 69, 72), and Defendant Renae Stubblefield's ("Stubblefield") motions

to dismiss each member case in this consolidated action, (ECF Nos. 88, 90, 92). Also pending are

Defendant Sgt. William Beach's ("Beach") unopposed partial motions to dismiss each member case

in this action. (ECF No. 137, 139, 141.) For the reasons discussed herein, the Court **GRANTS IN**

**PART** and **DENIES IN PART** these motions. (ECF Nos. 66, 69, 72, 88, 90, 92, 137, 139, 141.)

## I. BACKGROUND

These cases arise out of the alleged physical and sexual abuse of consolidated Plaintiffs by

Defendant Correctional Officer James Widen ("Widen") while they were in the custody of the

---

[1] The WVDOC also filed motions to exceed the page limit for its memoranda in support of and reply to its motions to dismiss. For good cause shown, the Court **GRANTS** these motions. (ECF Nos. 68, 71, 74, 116, 18, 120.)

WVDOC at the Huntington Work Release Center in Huntington, West Virginia. (*See* ECF Nos. 58, 60, 62 (Am. Compls.).) Plaintiffs filed individual actions in the Circuit Court of Kanawha County, West Virginia, against Widen; the WVDOC; Stubblefield, Administrator of the Huntington Work Release Center; Beach, Widen's Supervisor; and Defendant Correctional Officer King ("King"), with the latter three defendants being sued in their individual and official capacities. The WVDOC subsequently removed each case to this Court on May 11, 2018. (*See* ECF No. 1.) The Court then consolidated the cases. (*See* ECF Nos. 11, 17.)

On November 30, 2019, all three Plaintiffs moved to amend their complaints. (ECF Nos. 43, 45, 47.) The Court granted these motions. (ECF Nos. 57, 59, 60.) All three Amended Complaints allege the following claims: claims against Widen, Beach, King, and Doe for violating Plaintiffs' rights under the Fifth, Eighth, and Fourteenth Amendments, seemingly pursuant to 42 U.S.C. § 1983 (Count I); claims against Widen, Beach, and King for intentional infliction of emotional distress (Count II); claims against all Defendants jointly and severally for the common law torts of civil battery, civil assault, intentional infliction of emotional distress, negligent infliction of emotional distress, and failure to intervene (Count III);[2] and claims against Widen, Doe, and King for civil conspiracy and claims against Beach, Stubblefield, King, and the WVDOC for negligent hiring, training, supervision, and retention (Count V).[3] (*See* ECF Nos. 58, 60, 62.)

The WVDOC filed the present motions to dismiss on January 30, 2019. (ECF Nos. 66, 69, 72.) Plaintiffs responded to the motions[4], (ECF Nos. 112, 113, 114), and the WVDOC timely

---

[2] Count IV is simply a recitation of Plaintiffs' damages and does not allege any additional causes of action.

[3] Plaintiffs have stipulated to the dismissal of Plaintiffs' claims against King in her official capacity, as they are barred by the Eleventh Amendment, and Count IV, West Virginia does not recognize a standalone action for punitive damages. (ECF No. 170.) Upon review, the Court agrees and **DISMISSES** Plaintiffs' claims against King in her official capacity and Count IV of Plaintiffs' Amended Complaints.

[4] Pending before the Court are Plaintiffs' motions to file late responses to the WVDOC's motions to dismiss. For good cause shown, the Court **GRANTS** these motions. (ECF Nos. 106, 108, 110.)

replied, (ECF Nos. 115, 117, 119). On March 7, 2019 Stubblefield filed her present motions to dismiss the Amended Complaints, (ECF Nos. 88, 90, 92), to which Plaintiffs timely responded, (ECF Nos. 121, 122, 123), and Stubblefield timely replied, (ECF Nos. 129, 130, 131). On April 26, 2019, Beach filed partial motions to dismiss, (ECF Nos. 137, 139, 141), to which Plaintiffs did not respond. As such, the motions are fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

#### A. The WVDOC Motions to Dismiss

In its motion, the WVDOC seeks to dismiss Plaintiffs' Amended Complaints in their entirety. (*See* ECF Nos 66, 69, 72.) In their responses, Plaintiffs stipulate to the dismissal of any vicarious liability claims against the WVDOC for any intentional actions of any Defendant and Plaintiffs' civil conspiracy claims against any Defendant. (ECF Nos. 112, 113, 114 at 3.) Accordingly, the Court **DISMISSES** any vicarious liability claims against the WVDOC that are premised on the intentional actions of any Defendant and any civil conspiracy claim against any Defendant. Thus, the Court will consider the WVDOC's motion insofar as it seeks to dismiss the remaining claims against the WVDOC of negligent hiring, retention and negligent failure to adequately supervise Stubblefield, Beach ,and Doe (the "Supervisory Defendants") and of vicarious liability for the negligent acts or omissions of the Supervisory Defendants, all which appear to be in Counts I and V.[5]

---

[5] Although the WVDOC states that it seeks to dismiss all of the claims against it, it only argues for dismissal of the negligent supervision claims. Even considering Plaintiffs' stipulations, based on the Amended Complaints, there appears to still be outstanding direct claims against the WVDOC in Count III for negligent infliction of emotional distress and negligent failure to intervene. (*See* ECF Nos. 58, 60, 62 ¶¶ 6, 22.) As the WVDOC did not argue for dismissal of these claims in their briefing, the Court will not address them.

"Under the doctrine of qualified immunity, the discretionary actions of government agencies, officials and employees performed in an official capacity are shielded from civil liability so long as the actions do not violate a clearly established law or constitutional duty." *W. Va. State Police v. Hughes*, 796 S.E.2d 193, 198 (W. Va. 2017). This rule operates even when the "discretionary acts" that are the subject of the complaint were "committed negligently." *Maston v. Wagner*, 781 S.E.2d 936, 948 (W. Va. 2015). In determining whether qualified immunity applies, the Court must assess whether a public official's conduct "violate[s] clearly established laws of which a reasonable official would have known" or is "fraudulent, malicious, or otherwise oppressive." *A.B.*, 766 S.E.2d at 762 (quoting *State v. Chase Sec., Inc.*, 424 S.E.2d 591 (W. Va. 1992)).

"To prove that a clearly established right has been infringed upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness' of the action was 'apparent.'" *Hutchison v. City of Huntington*, 479 S.E.2d 649, 659 n.11 (W. Va. 1996) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "[T]he question of whether the constitutional or statutory right was clearly established is one of law for the court." *Hutchison*, 479 S.E.2d at 659, n.11.

The Supreme Court of Appeals of West Virginia has found that "the broad categories of duties such as training, supervision, and retention "easily fall within the category of 'discretionary governmental functions' that ordinarily entitle a defendant to qualified immunity." *See A.B.*, 766 S.E.2d at 773. Thus, barring a showing by Plaintiffs that the WVDOC "violated a 'clearly established' right or law with respect to its training, supervision, or retention" the WVDOC and the Supervisory Defendants are entitled to qualified immunity on claims involving these discretionary acts. *See id.* at Syl. Pt. 11.

Here, Plaintiffs summarily allege that the WVDOC violated clearly established law in negligently hiring, training, supervising, and retaining the Supervisory Defendants by failing to do pre-hiring or post-hiring psychological testing of correctional officers. (*See* ECF Nos. 58, 60, 62 ¶¶ 16, 28.) However, here, as with the plaintiff in *A.B.*, Plaintiffs do not identify any such law or regulation in their Amended Complaints. *Compare* the present case *with Kelly*, 2019 WL 1428694, at *4 (finding that the plaintiff stated a sufficient claim for relief for negligent hiring, training, and supervision against the WVRJCFA where the plaintiff cited a specific state regulation in his complaint in connection with his allegations against the WVRJCFA). Further, Plaintiffs do not make any particularized showing how this alleged failure to do testing led to the alleged violations by the Supervisory Defendants.

In response, Plaintiffs direct the Court to the United States Constitution; Article III, Section 5 of the West Virginia Constitution, which guarantees their right to be free from infliction of cruel and unusual punishment; and several WVDOC policy directives regarding hiring, training, and oversight. (*See* ECF Nos. 112 at 8–10.) However, none of these are cited in the Amended Complaints. Further, even if they were cited in the Amended Complaints, Plaintiffs do not allege any factual connection between the WVDOC's alleged negligence and these constitutional provisions and/or policy directives. In their Amended Complaints, Plaintiffs summarily allege that the WVDOC was negligent in supervising the Supervisory Defendants and this negligence created an unsafe environment for Plaintiffs. (*See* ECF Nos. ¶¶ 3, 8–10, 16, 28.) Plaintiffs do not allege with any particularity how the WVDOC was negligent in its supervision and oversight of the correctional officers, other than the above mentioned alleged failure to do psychological testing.

As Plaintiffs' claims against the WVDOC target "discretionary governmental functions" and Plaintiffs have not sufficiently alleged that the WVDOC violated a clearly established law, the

WVDOC is entitled to qualified immunity on these claims.  *See R.Q. v. West Virginia Div. of Corr.*, No. 12-1223, 2015 WL 1741635, at \*4 (W. Va. Apr. 10. 2015); *A.B.*, 766 S.E. 2d at 774–76 (quoting *Hope*, 536 U.S. at 739) ("A.B. failed to establish what the WVRJCFA did or failed to do that it would have reasonably understood was unlawful with regard to its supervision, retention, and training of D.H.  In fact, A.B. could not identify a single policy, procedure, rule, regulation, or statute which the WVRJCFA (and not D.H.) violated."); *see also Searls v. West Virginia Regional Jail*, No. 3:15-cv-9133, 2016 WL 4698547, at \*3–4, \*4 n.3 (S.D W. Va. Sept. 7, 2016) ("The Authority is also entitled to immunity for this claim because hiring, training, and supervision is a discretionary function and Plaintiff has not alleged that in exercising its discretion, the Authority violated any clearly established statutory or constitutional right.").

As to the WVDOC's liability for the conduct of the Supervisory Defendants, a State agency can only be vicariously liable if "(1) any negligence with respect to training, supervision, or retention was committed within the scope of an Authority employee's employment; and (2) the negligence "violated a 'clearly established' right or law with respect to [ ] training, supervision, or retention." *Radford v. Hammons*, No. 2:14-cv-24854, 2015 WL 738062, at \*9 (S.D. W. Va. Feb. 20, 2015) (quoting *A.B.*, 766 S.E.2d at 773–74).  As Plaintiffs stipulate to the dismissal of any vicarious lability claims premised on the intentional actions of the individual Defendants and dismissal of the civil conspiracy claims, the parties do not dispute the first prong.  Rather, the WVDOC again argues that it is entitled to qualified immunity on any vicarious liability claims as Plaintiffs have not shown that the Supervisory Defendants violated a clearly established right or law with respect to their hiring, training, supervision, or retention.  (*See* ECF Nos. 67, 70, 73.)

Here, Plaintiffs allege that the Supervisory Defendants were negligent in their supervision, discipline, and retention of Widen.  (*See* ECF Nos. 58, 60, 62 at 2, ¶ 4; 9, ¶ 28.)  However, as with

the WVDOC, Plaintiffs have not alleged with sufficient particularity that the Supervisory Defendants violated clearly established law in their alleged negligent hiring, supervision, training, and/or retention of Widen. The clearly stablished law that Plaintiffs appear to allege that the Supervisory Defendants violated in connection with these negligent supervision claims is the Supervisory Defendants' alleged failure to conduct pre- and post-hiring psychological testing in connection with these claims. (*See id.* at 5, ¶ 10.) However, this does not satisfy the "clearly established law" prong for the same reasons as stated above with regards to the WVDOC.

Additionally, Plaintiffs allege that the Supervisory Defendants violated their rights to be free from cruel and unusual punishment but do not allege facts showing how the Supervisory Defendants violated this right, such as facts showing that the Supervisory Defendants knew the danger that Widen posed or that they violated certain policies or regulations with regard to training and disciplining Widen. Further, Plaintiffs' more specific allegations against Supervisory Defendants regarding violations of their federal, state, and constitutional rights appear to be regarding claims against the Supervisory Defendants' for their intentional acts and omissions and deliberate indifference and not their alleged negligent supervision. (*See id.* at 4–5, ¶ 6; 6, ¶¶ 14–16.) As Plaintiffs have not made a particularized showing that Supervisory Defendants violated Plaintiffs' clearly established rights in exercising their discretionary governmental functions, the WVDOC is entitled to qualified immunity on these vicarious liability claims.

B. *Stubblefield Motions to Dismiss*

In their Amended Complaints, Plaintiffs allege that Stubblefield was deliberately indifferent to Plaintiffs' safety and negligently hired, trained, supervised, and retained Widen, King, and Doe. (*See* ECF Nos. 58, 60, 62 at 6, ¶¶ 16; 8–9, ¶ 28.) In her motions to dismiss, Stubblefield also seeks

8

to dismiss all of Plaintiffs' claims against her, arguing that she is entitled to qualified immunity.[6] (*See* ECF Nos. 89, 91, 93 at 1–2.)   In their responses, Plaintiffs stipulate that Stubblefield cannot be sued in her official capacity under 42 U.S.C. § 1983; that there is no vicarious liability on the part of Stubblefield under § 1983 for any acts of any other defendant; and that Stubblefield is not liable for any claims of negligence unless Stubblefield violated clearly established law.   (*See* ECF Nos. 121, 122, 123 at 2–3.)   Accordingly, the Court **DISMISSES** any § 1983 claims brought against Stubblefield in her official capacity and any claims that are premised on her vicarious liability for the actions of any of the other Defendant.

Stubblefield argues that she is entitled to qualified immunity for Plaintiffs' negligent hiring, training, supervision, and retention claims because Plaintiffs have not alleged any violation of a clearly established law in connection with this claim.   (*See* ECF Nos. at 89, 91, 93 at 8.)   Plaintiffs' claims against Stubblefield for negligent hiring, training, supervision, and retention are virtually identical to their claims against the WVDOC.[7]   (*See* ECF Nos. 58, 60, 62 at 8–9 ¶ 28.)   Similar to their claims against the WVDOC, Plaintiffs fail to make any particularized showing that Stubblefield violated clearly established law in her hiring, supervision, and retention of Widen, King, and Doe.

---

[6] Similar to the WVDOC, Stubblefield focuses the entirety of her briefing on arguing that she is entitled to qualified immunity for Plaintiffs' negligent hiring, training, supervision, and retention claims.   However, the Amended Complaints also alleges claims against Stubblefield for deliberate indifference and several state law torts.   (*See* ECF Nos. 58, 60, 62.) Stubblefield appears to construe Plaintiffs' deliberate indifference claim as a negligent failure to provide a safe environment claim, but the Amended Complaints explicitly plead a deliberate indifference claim.   (*See id.* ¶ 4 (Plaintiff asserts:   claims against . . . Stubblefield . . . arising from her deliberate indifference to plaintiffs' safety. . . ."); *see also id.* ¶ 16 ("The individual defendants were deliberately indifferent to the safety of plaintiff. . . .").)   As Stubblefield does not address dismissal of the deliberate indifference claim, other than addressing it insofar as it alleges a claim against her in her official capacity, and state law tort claims in her motion, the Court will not address them.

[7] The Court notes that the Amended Complaints are unclear as to whether Plaintiffs are premising Stubblefield's supervisory negligence on psychological testing and not just the WVDOC's liability.   (*See id.* ¶¶ 10, 16 (stating that it was a violation clearly established law by the "defendant agency" to fail to do pre-hiring psychological testing.) However, to the extent that Plaintiffs do premise Stubblefield's liability on allegedly violating clearly established law regarding psychological testing, that claims fails for the same reasons as it fails against the WVDOC.   *See supra* Part III.A

(*See* ECF Nos. 58, 60, 62 at 8–9, ¶ 28.)   The only specific fact that Plaintiffs allege against Stubblefield seemingly in connection with this claim is that she assigned Widen to supervise Plaintiffs.   (*See id.* at 5, ¶ 6.)   However, Plaintiffs do not allege that Stubblefield violated any right, regulation, or policy by so assigning Widen or that Stubblefield was aware of the potential danger Widen posed.   Accordingly, for the reasons discussed more fully above, Stubblefield is entitled to qualified immunity on these claims.   *See supra* Part III.A.

## C. *Beach's Motions to Dismiss*

As stated above, Beach filed partial motions to dismiss Plaintiffs' claims against him in his official capacity and standalone claims against him for damages.   (ECF Nos. 137, 139, 141 at 1.)   In response, Plaintiffs stipulate to the dismissal of these claims.   (ECF Nos. 155, 156, 157 at 1.) Accordingly, the Court **DISMISSES** the claims against Beach in his official capacity and any standalone claims against Beach for damages.

## IV.   CONCLUSION

For the reasons discussed more fully above, the Court **GRANTS IN PART** the WVDOC's, (ECF Nos. 66, 69, 72), Stubblefield's, (ECF Nos. 88, 90, 92), motions to dismiss and **DISMISSES** the direct and vicarious liability claims against the WVDOC and the direct liability claim against Stubblefield for negligent hiring, training, supervision, and retention which constitute portions of Count I and Count V.   The Court **DENIES IN PART** the motions insofar as they seek dismissal of the Amended Complaints in their entirety.   The Court further **GRANTS** Beach's partial motions to dismiss and **DISMISSES** any claims brought against him in his official capacity and any standalone damages claim against him.   (ECF Nos. 137, 139, 141.)

Additionally, pursuant to Plaintiffs' stipulations, the Court **DISMISSES** any vicarious liability claims against the WVDOC that are premised on the intentional actions of any Defendant,

any vicariously liability claims against Stubblefield, any § 1983 claims brought against Stubblefield in her official capacity, and any civil conspiracy claims against any Defendant.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     August 15, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE