IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TANIA CORDWELL,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:18-cv-00913

                                  Consolidated with
                                  CIVIL ACTION NO. 2:18-cv-00915
C.O. JAMES WIDEN, *et al.*,        CIVIL ACTION NO. 2:18-cv-00927

        Defendants.

**ORDER**

Before this Court is the motion to compel filed by Plaintiff Tania Cordwell ("Plaintiff"). (ECF No. 200.) Plaintiff seeks to compel Defendant West Virginia Division of Corrections ("WVDOC") to supplement its responses to certain requests in Plaintiff's Second Set of Discovery Requests. (*Id.*; *see* ECF No. 200-11.) WVDOC argues that the requests at issue are related to claims that have since been dismissed and that it has adequately responded to the requests. (ECF No. 202.)

Plaintiff asserts that the requested discovery is necessary "to demonstrate claims that [WVDOC] implemented policy directives, supervised, hired, negligently retained and negligently failed to intervene and protect [Plaintiff]." (ECF No. 201 at 8.) But "the direct . . . liability claims against the WVDOC . . . for negligent hiring, training, supervision, and retention which constitute portions of Count I and Count V" have been dismissed. (ECF No. 183 at 10.) Discovery is no longer available for dismissed claims because the requested information is not relevant to a claim at issue in the action. *See*

*McCoy 6 Apartments LLC v. City of Morgantown*, No. 1:10-cv-00054, 2011 WL 5085068, at *4 (N.D.W. Va. Oct. 25, 2011) (striking requests related to dismissed claims as irrelevant). Accordingly, to the extent Plaintiff's motion to compel seeks information related to the negligent hiring, training, supervision, and retention claims, it is **DENIED**.

However, Plaintiff's claim against WVDOC for negligent failure to intervene was not dismissed and remains at issue. (ECF No. 183 at 4 n.5.) The amended complaint is scarce on details as to that cause of action, but Plaintiff appears to allege that WVDOC failed to protect her by not conducting pre-hiring and post-hiring psychological testing of Defendant C.O. James Widen. (ECF No. 60 at 5, 7.)[1] Of the discovery requests set out in Plaintiff's motion to compel, only Requests for Admission Nos. 1 and 6 relate to this allegation. (*See* ECF No. 201 at 5–7.) Despite objecting to these requests, WVDOC denied both of them. (*Id.*) Nothing more was required: Federal Rule of Civil Procedure 36(a)(4) "does not require a responding party to provide the basis for its denial of a request for admission." *Baker v. Bogwarner Morse Tec, Inc.*, No. 3:12-cv-00505, 2012 WL 13026648, at *1 (S.D.W. Va. Apr. 12, 2012). Moreover, remedies exist if the matters denied are later proven to be true. Fed. R. Civ. P. 37(c)(2). Because WVDOC's denials of Requests for Admission Nos. 1 and 6 satisfy its obligations under Rule 36(a)(4), Plaintiff's motion to compel supplemental responses to these requests is **DENIED**.

For the foregoing reasons, Plaintiff's motion to compel (ECF No. 200) is **DENIED**.

**IT IS SO ORDERED**.

---

[1] WVDOC argues that Plaintiff's claims related to pre-hiring and post-hiring psychological testing of correctional officers have been deemed insufficient because Plaintiff failed to show a violation of clearly established law. (ECF No. 202 at 4.) Plaintiff's claims against WVDOC for negligent hiring, training, supervision, and retention were dismissed on that basis, but her negligent failure to protect claim was not dismissed. (ECF No. 183 at 6; *see id.* at 4 n.5.) Whether Plaintiff has sufficiently alleged a claim for negligent failure to protect is beyond the scope of the motion to compel.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 16, 2019

Dwane L. Tinsley
United States Magistrate Judge