IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Tania Cordwell,

        Plaintiff,

v.

Civil Action No. 2:18-CV-00913
Consolidated with:
Civil Action No. 2:18-CV-00915 (Youst)
Civil Action No. 2:18-CV-00927 (Canfield)

Honorable Thomas E. Johnston
Honorable Magistrate Judge Dwane L. Tinsley

C.O. James Widen, individually and in his official capacity as a correctional officer of The West Virginia Division of Corrections; and The West Virginia Division of Corrections; and John Doe, unknown person or persons,

        Defendants.

## PLAINTIFFS' JOINT RESPONSE TO THE WVDOC'S MOTION FOR SUMMARY JUDGMENT

NOW come the plaintiffs and respond to the agency's motion for summary judgment.

## FACTS

While Tania Cordwell was housed at Huntington Work Release Center, Widen directly supervised her on a regular basis. While she was present in the facility, Widen subjected Ms. Cordwell to multiple acts of sexual abuse and other acts of sexual exploitation.

On February 9, 2016, a PREA complaint was filed against defendant Widen which should have triggered commencement of a PREA investigation pursuant to multiple WVDOC Policy Directives cited to the Court in ECF No. 112, Pages 8 and 9. See Exhibit A which is the entirety of the PREA "investigation" of Widen.

Instead, Ms. Cordwell was not removed from the presence of Widen as was required under Policy Directives 332.00, 332.01 and 332.02 cited in ECF No. 112 and attached as Exhibit

1

B. Ms. Cordwell felt intimidated and afraid to come forward against Widen. Please see her Affidavit attached as Exhibit C. The West Virginia State Police were never notified. Ms. Cordwell was not given an opportunity to speak with a "victim support person". Ms. Cordwell had a clearly established legal right to be separated from Widen per Policy Directives identified above. She possessed a clearly established right to confer with a "victim support person" denied of these rights by the agency defendant and defendant Stubblefield allowed Widen to have an opportunity to victimize her again. The negligence of the WVDOC and defendant Stubblefield were a cause of, and contributed to her subsequent sexual assault. Had she been afforded these rights, she would have felt more comfortable and been candid as to the details of Widen's abuse. As it was, she panicked and denied any of these events had occurred. These facts demonstrate a factual nexus between the denial of her clearly established rights and her tort claims made against defendant Stubblefield and the WVDOC.

Widen, undeterred by the negligent failure of defendant Stubblefield to follow this clearly established right of Cordwell to be removed from Widen's presence, continued to sexually abuse Cordwell. Likewise, defendant Stubblefield negligently failed to adequately supervise Widen which served to embolden Widen.

Widen subsequently sexually abused plaintiff Alesha Canfield and plaintiff April Youst. Had the WVDOC and defendant Stubblefield followed WVDOC Policy Directives, either could have prevented their victimization. See ECF No. 112, Pages 8 and 9. Relevant Policy Directives are attached collectively as Exhibit B.

Widen ordered Cordwell to the women's restroom, as well as the attic of the facility and the laundry area located in the basement of the facility and sexually assaulted her. On another occasion, Widen entered plaintiff's dorm area, fondled her and forced her to perform oral sex. On occasion, Widen was the sole staff member present in the entire facility and was wholly unsupervised. Plaintiff was also supervised by Widen outside of the facility and was sexually abused in a State vehicle, operated by defendant Widen, in a "park and ride" parking lot and a church parking area in Cabell County, West Virginia.

While Alesha Canfield was housed at Huntington Work Release Center, Widen directly supervised her on a regular basis. While she was present in the facility, Widen subjected Ms. Canfield to multiple acts of sexual abuse and other acts of sexual exploitation. Specifically, and

by way of example, but not limitation, Widen ordered Canfield to the laundry area located in the basement of the facility and forced her to engage vaginal intercourse against her will. Please refer to her Affidavit attached as Exhibit D.

While April Youst was housed at Huntington Work Release Center, Widen directly supervised her on a regular basis. While she was present in the facility, Widen subjected Ms. Youst to multiple acts of sexual abuse and other acts of sexual exploitation. Specifically, and by way of example, but not limitation, Widen twice ordered Youst to the laundry area located in the basement of the facility and forced her to engage vaginal intercourse against her will. His semen was identified on her pajamas once Ms. Youst mustered sufficient courage to report these events to the Huntington Police Department. Please refer to her Affidavit attached as Exhibit E.

Defendant King slept while on duty working with defendant Widen. This freed up Widen to sexually abuse plaintiffs.

Defendant Stubblefield and the agency negligently failed to properly supervise King and Widen contributing in a failure to protect each plaintiff from Widen's conduct and a negligent failure to intervene on behalf of each plaintiff.

Widen had previously been employed by the State of Ohio as a correctional officer. He worked at the Ohio Reformatory for Women, Marysville, Ohio. While working at the Ohio facility, Widen engaged in sexual exploitation of one or more female inmates. Once this sexual misconduct by Widen was revealed and investigated, Widen was provided with an opportunity to resign his employment with the Ohio Department of Rehabilitation and Correction. It is believed a condition of Widen's resignation was his prohibition from any further employment within the State of Ohio in a correctional facility or as a correctional officer.

After some months, Widen relocated to West Virginia. He was hired by the West Virginia Division of Corrections and began working at Lakin Correctional Center for women in West Columbia, West Virginia. He was assigned to supervise female inmates. Lakin is located on the Ohio River within view of the State of Ohio.

James Widen was charged with a felony offense under the provisions of West Virginia Code *§61-8B-10* arising from his sexual assault of female inmate, April Youst, at Huntington Correctional Center.

## THE DEFENDANT AGENCY VIOLATED CLEARLY ESTABLISHED LAW WHICH VIOLATION A JURY COULD FIND WAS A CAUSE OF, AND CONTRIBUTED TO THE SEXUAL ABUSE OF EACH PLAINTIFF

Qualified Immunity is not an available defense to §1983 claims if the plaintiff sufficiently alleges violation of a known right. *Ridpath v. Bd. Of Govs. Of Marshall Univ.*, 447 F.3d 292 (4th Cir. 2006).

Reference is made to the *A.B.* opinion at pages 42-47 citing "existing state regulations which govern certain aspects of the training, supervision and retention of jail employees." Plaintiffs were committed to the legal custody of the WVDOC while detained at Huntington Work Release Center and possessed clearly established legal rights as a DOC inmate under DOC regulations. On March 25, 2019, the West Virginia Supreme Court of Appeals affirmed a circuit denial of a summary judgment motion in a suit brought by a WVDOC inmate. *Ballard v. Delgado*, No. 17-0327 West Virginia Supreme Court of Appeals (24 April 2019).

In *Delgado* the court noted the inmate had provided sufficient material facts "disputed by competent evidence, and described competing inferences therefrom giving to the dispute which preclude summary disposition." Syllabus Point 5. A copy of the court's opinion is attached with other miscellaneous opinions each of which support denial of the WVDOC's motion.

The WVDOC's negligent failure to comply with the State regulations cited herein was a proximate cause of, and contributed to the foreseeable victimization of each plaintiff. A jury could reasonably infer from the facts contained in the exhibits, that the agency's negligence was a cause of, or contributed to the opportunity for defendant Widen to sexually abuse each woman.

## PLAINTIFFS' CLAIMS AGAINST THE WVDOC FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT FAILURE TO SUPERVISE, PROTECT AND INTERVENE SURVIVE A MOTION FOR SUMMARY JUDGMENT

Judge Joseph R. Goodwin outlined the elements of a state law tort claim of "negligent supervision" as follows:

> "Under West Virginia law, negligent supervision claims must rest upon a showing that Danville failed to properly supervise Jarrett

4

> and, as a result, Jarrett proximately caused injury to the plaintiffs. *Taylor v. Cabell Huntington Hosp. Inc.*, 208 W. Va. 128, 538 S.E.2d 719, 725 (W. Va. 2000) (treating negligent supervision like other claims based in negligence). Viewing the facts in the light most favorable to the plaintiffs, and in light of the customs and policies of Danville, explained above, the court concludes that the plaintiffs have presented a genuine issue of material fact as to whether Danville properly supervised an officer who had minimal training and who had only been on the job for eight days, and whether that lack of supervision proximately caused Adkins' injuries. Danville's motion on this claim is therefore denied." *Woods v. Town of Danville, West Virginia, et al.* 712 F. Supp. 2d 502 (2010).

The West Virginia Supreme Court of Appeals has long recognized a tort claim of "negligent infliction of emotional distress".

> "Absent a physical injury to the plaintiff, our law has recognized claims for negligent infliction of emotional distress only in limited circumstances. See, *e.g.* Syl. Pt. 1, *Heldreth v. Marrs*, 188 W.Va. 481, 425 S.E.2d 157 (1992)"

See also, *Monteleone v. Co-operative Transit Co.*, 128 W. Va. 340, 36 S.E.2d 475 (1945); *Ricottilli v. Summersville Meml. Hosp.*, 188 W. Va. 674, 425 S.E.2d 629 (1992); *L. Linda Mays v. The Marshall University Board of Governors*, West Virginia Supreme Court of Appeals, Memorandum Decision, October 20, 2015 at Pages 3 and 4; *Copier Word Processing Supply, Inc. v. Wesbanco Bank, Inc., et al.* 640 S.E.2d 102 (2006); *Marlin v. Bill Rich Constr., Inc.*, 198 W. Va. 635, 482 S.E.2d 620 (1996). A sexual assault clearly meets the "physical injury" element of this tort claim.

The requisite factual basis to demonstrate a negligent failure to supervise Widen, to intervene and protect via the WVDOC's negligent failure to follow Policy Directives (State regulations), allowed defendant Widen to be alone with, and victimize each of them, while supervising each plaintiff. See Exhibit B.

5

The WVDOC's negligent violation of plaintiffs' clearly established rights granted by clearly established law (Policy Directives) is demonstrated by facts and circumstances set forth in the attached exhibits.

Direct liability of the WVDOC is evidenced by the following events, viewed in the context of the agency's negligent failure to adhere to State regulations identified herein.

a. Widen had previously engaged in sexual exploitation of female offenders while supervising women at Ohio Reformatory for Women. These facts serve as a basis for plaintiffs' claims that the agency was negligent in its duty assignments given to Widen, its gross failure to protect plaintiffs, its failure to adequately supervise Widen and its negligent failure to intervene on behalf of each plaintiff.

b. Widen's semen was identified on an article of clothing which plaintiff April Youst had worn at Huntington Work Release Center while Widen was supervising her (See Exhibit B, ECF No. 112). Ms. Youst came forward to report her sexual assault to Huntington Police Department.

c. The WVDOC violated Policy Directives listed on ECF No. 112, Pages 8 and 9 in its handling of the February 9, 2016, PREA allegation against Widen (See Exhibit A attached). This predated some of the acts of sexual abuse Widen visited upon Ms. Youst and Ms. Canfield and opened the door to Widen's continued sexual abuse of Ms. Cordwell. These facts constitute a basis for plaintiffs' claim of negligent supervision and claim of negligent infliction of emotional distress, in the context of Widen's subsequent abuse of each plaintiff and in view of its negligent failure to follow State regulations.

d. The WVDOC violated Policy Directives 332.00, 332.01 and 332.02 in its failure to provide enhanced supervision of Widen and to separate Widen from Ms. Cordwell (See Exhibit B attached). These facts constitute a basis for plaintiffs' claims of negligent supervision and negligent infliction of emotional distress, in the context of Widen's subsequent abuse of each plaintiff.

e. The vaginal sexual assault which Widen visited upon each plaintiff constitutes a "physical injury" as that term is used by courts in their discussion of "negligent infliction of emotional distress" claims in the above-cited state court opinions.

   f. The facts set forth in a, b, c, d and e above and facts contained in the attached exhibits collectively serve as a basis for plaintiffs' claims of negligent supervision against the WVDOC and negligent infliction of emotional distress the WVDOC.
   g. The agency's negligent failure to protect each plaintiff and negligent failure to intervene on behalf of each was a cause of, and served to contribute to Widen's sexual abuses of each plaintiff and their resulting damages.

Subsequent to Widen's exploitation of Ms. Cordwell, as evidenced by the PREA allegation of February, 2016, the WVDOC was negligent by failing to make any direct inquiry of the Ohio Reformatory for Women into Widen's job performance supervising women at ORW. Had such been undertaken, the agency would, presumptively, removed Widen from supervising female inmates without supervision. Further, once Widen was accused of sexual abuse of Tania Cordwell, State regulations mandated Widen be subjected to post-hiring fitness for duty (psychological testing), which violated clearly established law as outlined in ECF No. 112, Pages 11 and 12. These facts support plaintiffs' claims of negligence against the agency. A jury should evaluate these facts at trial.

It was foreseeable, based on Widen's misconduct at the Ohio Reformatory for Women, of which the agency had constructive notice, that Widen would continue to engage in sexual exploitation of women under his supervision. This fact pattern serves as a basis for plaintiffs' state law claims pending against the WVDOC.

Mandatory pre-hiring psychological testing of potential hires for correctional staff is evidenced by WVDOC Policy Directive No. 132.01 which was attached as Exhibit G to ECF No. 112. The defendant agency was negligent in failing to subject him to psychological testing, pre or post-employment. Post-employment psychological testing of Widen was required by Policy Directive 132.01 after the PREA allegation against Widen February 9, 2016 as reflected upon Exhibit F. The agency's failure to follow this State regulation supports claims of negligent failure to protect plaintiffs and form a basis for the pending negligence claims. The agency's negligence served as a cause of, and contributed to Widen's abuses of each plaintiff.

Plaintiffs' expert's report and her corresponding findings, attached hereto as Exhibit G, constitute a sufficient factual nexus between the failure of the WVDOC to require Widen undergo psychological testing to determine his fitness for duty to supervise women. Proper pre and post hiring psychological testing would have shown Widen's propensity for violence. Left

unscreened by the WVDOC at hiring as well as after the PREA allegation of February 9, 2016, foreseeably exposed each plaintiff the sexual assault each underwent. These facts constitute a nexus between the WVDOC's negligent failure to supervise Widen and its negligent infliction of emotional distress—in the context of the victimization by Widen of each plaintiff.

The court's attention is directed to the Exhibits to plaintiffs' prior submission on State mandated psychological testing of correctional officers as seen in ECF No. 26.

Inmate Nicole Hager was sexually abused at Huntington Work Release Center by a counselor working at the facility. See Exhibit H. However, Ms. Hager was afraid to report the abuse to Ms. Stubblefield as set forth in the Hager Affidavit attached as Exhibit I. These facts, viewed in context of the State regulations above, connect the negligence of the WVDOC in failing to supervise Widen as a cause of plaintiffs' victimization. The Affidavit gives rise to relevant inferences of the manner in which Administrator Stubblefield ran Huntington Work Release Center.

Finally, it is asserted the sheer number of instances upon which Widen was alone, wholly unsupervised, and had an opportunity to abuse Tania Cordwell, April Youst and Alesha Canfield, can in and of itself, serve as a factual basis for a jury to find the agency was negligent in its employment of Widen.

CONFIDENTIAL



# HUNTINGTON WORK RELEASE CENTER

**EARL RAY TOMBLIN, Governor**
JOSEPH THORNTON, Cabinet Secretary
JIM RUBENSTEIN, Commissioner
RENAE STUBBLEFIELD, Administrator



1236 5th Avenue
Huntington, West Virginia 25701
Phone: (304)529-6885 – Fax: (304) 529-6891

To:   Robin Ramey, LCC Investigator

       *Renae Stubblefield* (signature)

From: Renae Stubblefield
       HWRC Administrator

Date: February 9, 2016

Re:   **PREA Allegation – Cpl. James Widen and Inmate Tania Cordwell OIS#3558291**

On February 8, 2016 I received information from LCC Deputy Warden J.D. Sallaz regarding a PREA allegation involving Cpl. James Widen and Inmate Tania Cordwell, OIS#3558291 (See Attached). I also received a memorandum from Cpl. Yvonne Maynard (See Attached) regarding this same issue. Upon receipt of this information, I assigned Unit Manager Donna Trimboli to conduct an inquiry into this allegation. Her summary is attached.

On February 8, 2016 Unit Manager Trimboli did interview the alleged victim, inmate Tanya Cordwell who claims the allegation is not true. On February 9, 2016 Cpl. James Widen was interviewed. He stated that he has no knowledge about any such allegation.

If you need anything further, please let me know.

Cc:   Paul Simmons, Assistant Commissioner
       Denver Rosier, CID Director
       Scott Patterson, Compliance Manager
       PREA File

WV DOC 002013

CONFIDENTIAL

# Memo

RECEIVED HWRC
FEB 0 8 2016
ADMINISTRATOR'S OFFICE

**To:** Administrator, Renae Stubblefield

**From:** Corporal Yvonna Maynard    *Corporal Yvonna Maynard*

**cc:** Unit Manager, Donna Trimboli and Sergeant William Beach

**Date:** February 7, 2016

**Re:** Teresa Miller

---

On Sunday, 07 February 2016, at approximately 1007 hrs. I was received a call from Lt. Anthony King from LCC. Lt King asked if I was the shift commander and I informed him that I was. Lt. King told me that, Ex-inmate Teresa Miller called the PREA hot line number at Lakin approximately 0928 this day to report an incident that happen here at the Huntington Work Release. Lt King stated that CO I Theise took the report. The information that was reported by ex-Inmate Teresa Miller was, on February 2nd and 3rd was, The male Officer ( Corporal Widen) that was working with Officer King was sitting in a chair in their Dorm (5) both nights watching Tonia (Cordwell) play with herself. Lt. King told me that they were trying to get in contact with Ms Ramey. I thanked him for this information and ended this call.

I know the importance of this information and you can assure that it will not be discussed with no one.

Policy Directives of the West Virginia Division of Corrections are incorporated into law by way of *West Virginia Code* §25-1-5, 62-13-4 and 90 C.S.R. 1.

> **'90-1-1. General.**
>
> 1.1. Scope. – This manual contains policy and procedures for the administration of the Department of Corrections and the correctional facilities under the jurisdiction of the Commissioner of the Department of Corrections, and for the supervision of persons committed to the custody of the Commissioner and persons on parole in West Virginia.
>
> 1.2. Authority. – W. Va. Code '25-1-5; 28-1-5; 28-3-10; 28-5-2; 28-5B-12; 62-13-2; 62-13-4.
>
> 1.3. Filing Date. – September 9, 1987.
>
> 1.4. Effective Date. – September 9, 1987.
>
> **'90-1-2. Incorporation By Reference.**
>
> The Policy Directives Manual is hereby incorporated by reference as a legislative rule. The document is available from the Secretary of State's office or the West Virginia Department of Corrections.

### THE WVDOC'S NEGLIGENT FAILURE TO COMPLY WITH STATE REGULATIONS WAS A PROXIMATE CAUSE OF, AND SERVED TO CONTRIBUTE TO EACH PLAINTIFF'S RESPECTIVE FORESEEABLE INJURIES AND DAMAGES

The WVDOC negligently violated State regulations as follows:

Failure to comply with WVDOC Policy Directive 132.01, Attachment 3, Page 1, No. 2, attached as Exhibit F by not conducting psychological testing of Widen at hiring and after the PREA allegation against Widen of February 9, 2016. See the ORW records attached as well as Exhibit J.

Failure to comply with WVDOC Policy Directive 135.00, Page 3, E(1), attached as Exhibit K during pre-employment processing.

Failure to protect inmates from harm as required by WVDOC Policy Directive 332.00, Page 1, V(b), attached as Exhibit B.

11

Failure to separate Ms. Cordwell from Widen following the February 9, 2016, PREA allegation as required by WVDOC Policy Directive 332.03, Page 5, 9(a) and 332.02, Page 6, C(2), attached as Exhibit L.

Failure to report the February 9, 2016, PREA allegation to the West Virginia State Police as required by Policy Directive 332.03, Page 4, B(1), attached as Exhibit L.

Failure to fully investigate the February 9, 2016, PREA allegation or impose progressive discipline per WVDOC Policy Directive 129.24, Page 3(d), attached as Exhibit M and WVDOC Policy Directive 332.01, Page 2(f), attached as Exhibit B and "demotions and suspensions" 143 C.S.R. 1, Pages 23 and 24, attached as Exhibit N.

Failure to prepare an incident report per WVDOC Policy Directive 332.01, attached as Exhibit B.

Failure to provide a counselor to Ms. Cordwell as required by WVDOC Policy Directive 332.03, Page 6, B, attached as Exhibit L.

Failure to provide counseling to an inmate at risk for sexual victimization, Ms. Cordwell, as required by WVDOC Policy Directive 332.01, Page 2(e), attached as Exhibit B.

 Relevant facts reflected in the attached Exhibits, in the context of negligent acts and omissions of the WVDOC, meet the elements of a "negligent infliction of emotional distress" tort claim.

 Further, facts as reflected in the attached Exhibits, in the context of negligent acts and omissions of the WVDOC, meet the elements of a "negligent failure to intervene/negligent failure to protect" tort claim.

 The attached Exhibits contain sufficient facts to show that the failure to subject Widen to mandated psychological testing prior to hiring and after the PREA allegation of February 9, 2016, constituted a WVDOC negligent infliction of emotional harm on each plaintiff and negligent failure to intervene and protect the plaintiffs.

 In support of the inapplicability of a Qualified Immunity defense in these circumstances, plaintiffs find support in each of the following opinions: ***Ballard v. Delgado*, No. 17-0327 West Virginia Supreme Court of Appeals (24 April 2019) (attached);** ***Doe v. Edgewood Indep. Sch. Dist.* W. D. Tex. (8 March 2019) (attached);** ***Kane v. Barger*, 902 F.3d 185 (2018) (attached); and *Rafferty v. Trumbul County, Ohio, et. al.*, 915 F.3d 1087 (17 March 2019) (attached).**

 Construing facts set forth above in a light most favorably to plaintiffs, a reasonable jury could conclude defendant Widen posed a threat to the female inmates housed at Huntington

Work Release Center. Defendant Widen's sexual exploitation of plaintiffs was foreseeable by the DOC staff and a question of foreseeability is to be determined by the trier of fact.

Evidence at trial, reflected in the attachments, will prove the DOC violated State regulations and their violation was a proximate cause of each plaintiffs' sexual victimization and damages resulting therefrom.

The sheer volume of Widen's serial sexual predatory conduct at Huntington Work Release Center gives rise to an inference of a gross lack of supervision of correctional officer Widen. It was foreseeable to the WVDOC, after the February, 2016, PREA allegation, that Widen would engage in further sexual misconduct.

Finally, in the event questions are raised by the WVDOC concerning Tania Cordwell's failure to confide in WVDOC staff in February, 2016, plaintiffs point to Ms. Cordwell's affidavit and the opinions rendered by Brenda Smith attached as Exhibit O.

## WIDEN'S SEXUAL ABUSES OF THE PLAINTIFFS WOULD HAVE BEEN PREVENTED HAD THE WVDOC FOLLOWED STATE REGULATION DOC POLICY DIRECTIVE 332.05, "SUPERVISING AND MONITORING"

The WVDOC negligently failed to follow its Policy Directive which is attached as by virtue of its:

a. Negligent failure by the agency to deploy "video monitoring" (c)(2) and "other monitoring technologies"; and,

b. Negligent in that Huntington Work Release Center staff operated the facility without making duty assignments to see that "intermediate-level or higher-level supervisors conduct and document unannounced rounds to identify and deter staff sexual abuse and sexual harassment"…"implemented on night shift".

In the event the WVDOC has in discovery produced this Policy Directive, plaintiffs' counsel is unable to locate it. However, its existence and viability is confirmed by the documents attached as Exhibit P. The Policy Directive, as confirmed by this Exhibit, is modeled after PREA Standard 115.13.

Had the agency observed this State regulation, and complied with it, Widen likely would have been deterred from his sexual exploitation of each plaintiff and prevented the sexual assaults which each one endured.

A jury could reasonably find that the WVDOC's negligent failure to abide by this State regulation was a cause of, and contributed to plaintiffs' respective victimization.

                                                      Tania Cordwell

                                                      April Youst

                                                      Alesha Canfield

                                                      Plaintiffs

                                                      By Counsel

/s/ Michael A. Woelfel
Michael A. Woelfel (WVSB #4106)
WOELFEL & WOELFEL, LLP
801 Eighth Street
Huntington, West Virginia 25701
Telephone (304) 522-6249
Facsimile (304) 522-9282
*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Tania Cordwell,

   Plaintiff,

v.

   Civil Action No. 2:18-CV-00913
   Consolidated with:
   Civil Action No. 2:18-CV-00915 (Youst)
   Civil Action No. 2:18-CV-00927 (Canfield)

   Honorable Thomas E. Johnston
   Honorable Magistrate Judge Dwane L. Tinsley

C.O. James Widen, individually and in his official capacity as a correctional officer of The West Virginia Division of Corrections; and The West Virginia Division of Corrections; and John Doe, unknown person or persons,

   Defendants.

## CERTIFICATE OF SERVICE

  I, Michael A. Woelfel, counsel for plaintiff, hereby certify that I served this 21 day of October 2019, the foregoing ***Plaintiffs' Joint Response to the WVDOC's Motion for Summary Judgment*** upon the below listed counsel of record using the Case Management/Electronic Case Filed (CM/ECF) system, which will send notification of such filing to the following CM/ECF participants:

Lou Ann S. Cyrus, Esq.<br>
Dominick R. Pellegrin, Esq.<br>
Shuman, McCuskey & Slicer, PLLC<br>
Post Office Box 3953<br>
Charleston, West Virginia 25339<br>
*Counsel for Defendant,*<br>
*The West Virginia Division of Corrections*<br>
*and Defendant, Renae Stubblefield*

Julie Meeks Greco, Esq.
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston, West Virginia 25301
*Counsel for Defendant, C.O. Widen*

Michael D. Mullins, Esq.
Colton C. Parsons, Esq.
Steptoe & Johnson, PLLC
Post Office Box 1588
Charleston, West Virginia 25326
*Counsel for Defendant, Sgt. Beach and
Defendant, C.O. King*

__/s/   Michael A. Woelfel_____
Michael A. Woelfel (WVSB #4106)
WOELFEL & WOELFEL, LLP
801 Eighth Street
Huntington, West Virginia 25701
Telephone (304) 522-6249
Facsimile (304) 522-9282
*Counsel for Plaintiffs*